**IN THE COURT OF APPEALS OF IOWA**

No. 17-0667
Filed August 16, 2017

**IN THE INTEREST OF R.S.,**
**Minor Child,**

**C.S., Mother,**
　　　　Appellant.
_____

Appeal from the Iowa District Court for Montgomery County, Amy L. Zacharias, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Sara M. Hart of Reisinger, Booth & Associates P.C. L.L.O, Omaha, Nebraska, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Karen L. Mailander of Mailander Law Office, Anita, for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights.[1]  We find there is sufficient evidence to support termination of the mother's rights pursuant to Iowa Code section 232.116(1)(h) (2016).  Accordingly, we affirm the juvenile court.

## I. Background Facts and Proceedings

The child, who was less than a year old, came to the attention of the Iowa Department of Human Services (DHS) on April 15, 2016, due to reports the parents could not properly care for the child.  The family lived in a small camper which was disorganized and littered with items that presented safety concerns for the child.  The living space was too small for the child to achieve developmental goals, including rolling over; the camper had a small space heater that presented a fire hazard as it was sitting on a pile of debris; and there was food rotting on the counter.  The mother also showed a dangerous lack of judgment in evaluating the child's safety.  During one visit she allowed the child to hold a knife and "help carve" a pumpkin.  She also allowed the child to play with toys inappropriate for his age.

The mother and father's relationship was sporadic and included domestic abuse.  The mother and father eventually separated, lived apart, and ultimately divorced.  The mother does not have a valid driver's license, was unemployed for the majority of the case, and her new home was never approved for visits.

The mother did complete a mental-health evaluation but only took steps to follow through with the recommendations shortly before the termination hearing.

---

[1] The father does not appeal the termination of his parental rights.

The mother did not consistently take her medication. When she did not take her medication she admitted she was "flipping out." The mother began a new relationship near the end of the case but was upset when she learned she would need to participate in couple's counseling and would need her new paramour to complete a mental-health evaluation.

The child was placed with a paternal aunt and uncle after removal and has continued to live with them. The mother did not consistently take advantage of the visitation or telephone contact offered her. The termination hearing took place on April 7, 2017, and an order terminating the mother's parental rights was entered on April 10. The mother now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is insufficient evidence in the record to support termination of her parental rights. The mother's parental rights were terminated pursuant to Iowa Code section 232.116(1)(d), (e), and (h). Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find

termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We find the mother's rights were properly terminated under section 232.116(1)(h), which requires: (1) the child must be three years old or younger; (2) adjudicated in need of assistance; (3) removed from the physical custody of the parents at least six of the last twelve months; and (4) cannot be returned to the home as provided in section 232.102. The first three requirements of the section are easily met here.

The child was originally removed from the mother's care based on her inability to supervise the child, properly care for the child, and provide a safe living space. These concerns were never addressed. The mother had not progressed to unsupervised visitation at the time of the termination hearing, her new home had not been evaluated for safety, she was secretive and uncooperative regarding her new relationship, and visitation was not regularly utilized. These factors indicate the child would still be in need of assistance if returned to the mother's care.

The mother claims DHS did not visit her new home, and therefore, a showing could not be made the home was unsafe. We disagree. The record shows a home inspection never took place as the mother continually made excuses for its delay, claiming the house was too dirty or had been "trashed" by her friends. Additionally, the mother claims her efforts to break off her abusive relationship with the father and commitment to finding employment and stable housing should preclude termination. We again disagree. While admirable, the mother's efforts are too little, too late. Efforts made in the final hours are "inadequate to preclude termination of parental rights." *See In re A.D.*, No.

15-1508, 2016 WL 902953, at *2 (Iowa Ct. App. Mar. 9, 2016). We find termination was appropriate and in the child's best interests. .

**AFFIRMED.**